UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| Donald Dewees<br><br>Toronto, Ontario, Canada<br><br>     Plaintiff,<br> v.<br><br>The United States of America<br><br>     Defendant, | Case No: 1:16-cv-1579-CDC |

## OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Plaintiff respectfully submits this Opposition to Defendant's Motion to Dismiss the Complaint. The grounds for the opposition are as follows:

The Plaintiff's complaint not only meets, but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), this court has subject jurisdiction in this matter, and the Complaint sufficiently alleges the plaintiffs damages.  Accordingly, the United States' motion should be denied with prejudice.

  **I.  The Plaintiff's claims are sufficiently valid**

Defendants move to dismiss the Plaintiff's complaint for a) Failure to State a Claim Upon Which Relief Can be Granted and b) Lack of Subject Matter Jurisdiction.

- 1 -

- 2 -

The Defendant provides no valid authority to support the proposition that there are any supposedly missing ingredients required in the complaint.  Its Motion is more of a conclusory judgment of the facts, and not an assessment of the completion of the claims. Federal Rules of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "Each allegation must be simple, concise and direct" Fed. R. Civ. P. 8(d)(1).  The US Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Atchinson, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint").

The Federal rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts.  Accordingly, Defendants' motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligible,' not where a complaint suffers for lack of detail." *Epos Technology Ltd. v. Pegasus Technologies Ltd.,* 636 F. Supp.2d 57 at 63.

The plaintiff's complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Defendant's motion is unclear as

to which of the plaintiff's claims the Defendant feels is lacking in demonstrating that the plaintiff is entitled to relief.

With respect to the factual points made in the Defendants Statements of Points and Authority to support its Motion to Dismiss, it claims several items which again draw judgment on the facts which should be left to the Court, and not applicable in determining if the plaintiff stated a claim upon which relief could be granted.

On August 5, 2014, the Internal Revenue Service denied Plaintiff's request for abatement of the assessed penalty for reasonable cause.  There were no reasons given by the Service in making this decision and it should be in the jurisdiction of this court to hear an appeal by a taxpayer to the resolution reached by the Service without explanation.

The Defendant also asserts that the claim does not violate the Eighth Amendment because Congress set the penalty at an amount calculated to do no more than make the Government whole.  In no way has the Defendant purported in its motion that the amount is no more than to make the Government whole or that it needed to apply this penalty to 12 years of returns to make the Government whole when a fewer number of years could have reached that same objective.   Specifically, the Defendant's own logic fails when it stated that a civil sanction will be construed as an additional punishment only if bears no relation to the government's loss. *Thomas*, 62 F.3d. at 100 (citing *Halper*, 490 US at 449).  If the Defendant's motion to dismiss were to succeed then the discovery of

evidence as to the government's loss to determine if this is in excess which can be construed as an additional penalty could not proceed.

The Defendants' motion itself asks the Court to "determine whether a fixed $10,000 penalty for violating section 6038 is excessive"[1] This defendant's motion is contradicting itself by asking the Court to determine if the amount is excessive and yet asking for the case to be dismissed before such determination can be made.

Further with respect to the plaintiff's lack of due process claim, the defendant admits that there is no avenue for appeal of this penalty beyond the original determination (and redetermination by the same individual), and the property was seized by Canada with the direction in the Treaty that there can be no further appeal prior to the seizure. The Defendant states that the due process claim would fail because this case at bar is the appeal the plaintiff desires.  However, this is illogical since the defendant also asks this Court to dismiss this appeal which would in fact, if granted, deny the only avenue of appeal that the defendant admits the plaintiff has, thereby violating the Plaintiff's Fifth Amendment Due Process right.

There is also a Fifth Amendment equal protection claim that the plaintiff is alleging and any resolution would require an interpretation of fact which can only be resolved at trial.  The plaintiff received notice from the IRS of preliminary acceptance into the program pending the submission of additional documents. He then received notification that he was terminated from the program.  The IRS thus released him from the program

---

[1] See Defendant's "Statement of Points and Authorities in Support of the United States' Motion to Dismiss" §I.B.

because of his non compliance with those requirements. The IRS would not let him into the streamline SFCP because they claimed he was already part of the OVDP program,. It can be argued that he was never a member of the OVDP program because he never completed the initial requirements for admission and thus any ability to join the SFCP program would be a violation of his equal protection rights as similarly situated U.S. citizens would have been able to join the SFCP program and under that program, the penalties which he was assessed would have never been applied.

## II.     The Court has subject matter jurisdiction

The Court has subject matter jurisdiction despite Defendants' claim to the contrary.

Normally, the question of jurisdiction and the merits of an action will be considered intertwined where as here "a statute provides for the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Sun Valley Gasoline, Inc. v. Ernst Enters.*, 711 F.2d 138, 139-140 (9th Cir. 1983). In the case at bar, Title 26 of the United States Federal Code regarding the income tax penalties and waiver of such, and the Canada-US Tax Convention all are under the purview of this Federal Court.

Under 28 USC 1346(a)(1), "the district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of any civil action against the

United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

The defendants' motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim which relief can be granted is without merit and should be denied in its entirety.

Dated December 9, 2016

                                            Respectfully Submitted

                                            /s/ Mark A. Feigenbaum

                                            Mark A. Feigenbaum (Bar ID 492260)
                                            1137 Centre Street Suite 201
                                            Thornhill, Ontario Canada L4J 3M6
                                            (905) 695-1269
                                            (905) 695-0869 Fax
                                            mark@feigenbaumlaw.com
                                            *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I certify that on December 9, 2016, I filed the foregoing OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including plaintiff's counsel.

            /s/ Mark A. Feigenbaum

            Mark A. Feigenbaum