IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD DEWEES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-1579-CDC |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF
THE UNITED STATES' MOTION TO DISMISS THE COMPLAINT**

Donald Dewees' complaint seeks to recover $120,000 in civil tax penalties assessed under 26 U.S.C. § 6038(b) for failure to file multiple Forms 5471, Informational Returns for U.S. Persons With Respect to Certain Foreign Corporations.  (*See* Doc 1.)  He alleges several constitutional violations under the Fifth and Eighth Amendments.  (*See id.*)  The United States moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (*See* Doc. 8.)  Dewees concedes the bulk of the United States' motion.  (*See* Doc. 10.)  The arguments he does raise in opposition are insufficient to save his claims.  (*See id.*)  The complaint, therefore, should be dismissed.

   **1.   Because Dewees is not entitled to relief on any of his claims, the complaint must be dismissed under Rule 12(b)(6).**

Dewees contends his complaint survives the United States' motion to dismiss under Rule 12(b)(6) because his claims meet the requirements of Rule 8(a).  (*See* Doc. 10 at 2.)  He characterizes the United States' motion as "more of a conclusory judgment of

14817494.1

the facts, and not an assessment of the completion of the claims." (*Id.*)  His argument misconstrues Rule 12(b)(6).

Under Rule 12(b)(6), a complaint must be dismissed if, based on the allegations stated in the complaint, the plaintiff is not entitled to the relief sought either as a matter of fact or law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In ruling on such a motion, the Court must assume the allegations stated in the complaint are true.  *See id.* at 678.  Here, Dewees alleges his constitutional rights have been violated.  Although his complaint sufficiently details his claims in an intelligible manner, he is not entitled to *relief* on those claims, even assuming his allegations are true.

His Eighth Amendment claim fails as a matter of law because section 6038(b) penalties are neither fines nor excessive.  (*See* Doc. 8-1 at 12-18.)  His Fifth Amendment due process claim also fails as a matter of law because this suit constitutes an adequate opportunity to be heard before an impartial trier of fact.  (*See id.* at 21-23.)  Finally, his Fifth Amendment equal protection claim fails as a matter of fact under the terms of the Streamlined Filing Compliance Procedures program ("SFCP"), because he participated in, but left, the 2009 Offshore Voluntarily Disclose Program ("OVDP").  (*See id.* at 18-21.)  Accordingly, under Rule 12(b)(6), his complaint must be dismissed.

**2.    The penalties at issue are neither fines nor excessive under the Eighth Amendment.**

Dewees alleges the penalties assessed against him under section 6038(b) violate the Excessive Fines Clause of the Eighth Amendment because "[t]hese penalties are significantly disproportional to the tax ($0) owing from these filings." (Doc. 1, ¶47.)  In

its opening brief, the United States established that Dewees' Eighth Amendment claim fails for two reasons: (1) section 6038(b) penalties are not "fines", and (2) even if they are fines, a $10,000 per year penalty is not excessive. (*See* Doc. 8-1 at 12-18.) In opposition, Dewees argues the United States has not established that either the amount of penalty "do[es] no more than make the Government whole," or the penalties relate to the United States' loss. (*See* Doc. 10 at 3-4.) Neither argument has merit.

As a primary matter, Dewees' opposition is devoid of any authority applying the Excessive Fines Clause to civil tax penalties. Of course, that is unsurprising as there appears to be no case with such a holding. (*See* Doc. 8-1 at 13-16.) Thus, Dewees' claim fails at the first hurdle.

Moreover, courts do not require a demonstration that the amount of a remedial penalty is precisely calculated in relation to the harm cause, because the United States is entitled to *rough remedial justice*,'" in "'affixing a sanction that compensates the Government for all its costs.'" *Thomas v. Comm'r*, 62 F.3d 97, 100, 101 (4th Cir.1995) (quoting *United States v. Halper*, 490 U.S. 435, 449 (1989) *abrogated on other grounds by Hudson v. United States*, 522 U.S. 93 (1997)) (emphasis added). Courts decline to challenge Congress' determination of the amount of a fixed penalty, because "judgments about the appropriate punishment for an offense belong in the first instance to the legislature," and such judgments are entitled to "'substantial deference.'" *United States v. Bajakajian*, 524 U.S. 321, 336 (1998) (quoting *Solem v. Helm*, 463 U.S. 277, 290 (1983)). Thus, the United States need not establish that the penalties here precisely relate to the loss incurred or do no more than make the government whole. Rather,

14817494.1

Congress has already made that determination through section 6038(b), which entitles the United States to recover a fixed amount ($10,000 per year) from taxpayers who fail to comply with their obligations under section 6038.

### 3.     Dewees' equal protection rights have not been violated.

Dewees contends his Fifth Amendment equal protection rights have been violated because "other citizens in the same situation are afforded the opportunity to submit filings for the reporting of foreign controlled corporations, bank account reporting forms, and foreign trust reporting forms under [SFCP], and the Plaintiff similarly situated was penalized."  (Compl., ¶53.)  Dewees argues his claim cannot be dismissed because "any resolution [of his claim] would require an interpretation of fact which can only be resolved at trial."  (Doc. 10 at 4.)  As discussed above, for purposes of the United States' motion to dismiss, all allegations stated in the complaint are presumed to be true.  Thus, there is no factual dispute at this stage of the proceedings.  Moreover, the allegations set forth in the complaint demonstrate that Dewees is not entitled to the relief he seeks because his equal protection rights have not been violated.

The United States moved to dismiss this claim under Rule 12(b)(1) in addition to 12(b)(6).  The claim must be dismissed under Rule 12(b)(1) because the complaint is devoid of any allegation that Dewees ever made a request to participate in SFCP.  (*See* Doc. 8-1 at 18.)  In his opposition, Dewees does not set forth any evidence showing that he actually made a request to participate in SFCP and was denied.  Absent such a showing, he does not have standing to assert any claim regarding SFCP because he has suffered no injury in fact.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

14817494.1

But even if he made such a request, his claim must be dismissed under Rule 12(b)(6) because Dewees is not eligible to participate in SFCP under the terms of the program due to his participation in the 2009 OVDP.  Dewees alleges he was accepted into the OVDP but subsequently left the program "based on the excessive amount of penalties owing."  (Doc. 1, ¶¶16-17, 24-28.)  "There is no alternative path for a taxpayer participating in an OVDP [like Dewees] to leave such a program [also like Dewees] and enter the SFCP."  *Maze v. IRS*, --- F. Supp. 3d ---, 2016 WL 4007075, at *4 (D.D.C. July 25, 2016) (appeal filed); *see also* Transition Rules: Frequently Asked Questions (FAQs), https://www.irs.gov/individuals/ international-taxpayers /transition-rules-frequently-asked-questions-faqs ("A taxpayer whose case has been removed from OVDP by the IRS is no longer participating in OVDP and thus is not eligible for the transitional treatment described in these FAQs.").  Dewees' argument that "he was never a member of the OVDP program because he never completed the initial requirements for admission," is therefore baseless.  (Doc. 10 at 5.)

**4.     Likewise, his due process rights have not been violated.**

Dewees complains he had no pre-payment avenue other than administrative remedies to challenge the penalties assessed against him.  (*See* Compl., ¶57.)  Constitutional due process requires only that a person receive an opportunity to be heard before an impartial trier of fact.  *See Goss v. Lopez*, 419 U.S. 565, 579 (1975); *Jacob v. Roberts*, 223 U.S. 261, 265 (1912).  His ability to pay the full amount of the penalties and file this refund suit satisfies constitutional due process.  *See Phillips et al. v. Comm'r*, 283 U.S. 589, 595-98 (1931) ("Where only property rights are involved, the mere

5

postponement of the judicial enquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of the liability is adequate").

In his opposition, Dewees argues this argument is "illogical" because the United States is also asking the Court to dismiss the case. (Doc. 10 at 4.) Due process only requires the opportunity to be heard, which Dewees has done by filing this suit. Dewees, however, has failed to assert any valid ground that would entitle him to the relief he seeks. The fact that he is not entitled to the relief he seeks has no bearing on his due process rights.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the United States' opening brief, Dewees' complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Dated:   December 19, 2016          Respectfully submitted,

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON
Trial Attorney, Tax Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 227
Washington, DC  20044
Telephone: (202) 307-2250
Fax: (202) 514-6866
christopher.j.williamson@usdoj.gov

OF COUNSEL:
CHANNING D. PHILLIPS
United States Attorney

14817494.1

## CERTIFICATE OF SERVICE

I certify that on December 19, 2016, I filed the foregoing REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS THE COMPLAINT with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including plaintiff's counsel.

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON

14817494.1